The offense is swindling, a misdemeanor; punishment fixed at confinement in the county jail for a period of sixty days.
It is charged in the indictment that the appellant had obtained a suit of clothes from E.G. Wood by falsely representing to him that there was to the credit of appellant in a certain bank the sum of fifteen dollars, and gave to Wood upon the bank mentioned a check for $29.50 in payment of the clothes. Wood was a merchant in the town of Floydada, where the bank in question was situated. He priced to the appellant a suit of clothes for $29.50. Appellant agreed to buy the suit provided Wood would take his check in payment therefor, stating that he had a bale of cotton at the gin and that as soon as it was ginned and sold, he would put the money in the bank; that this would be done upon a certain day of the following week. The witness also testified that appellant represented that he had fifteen dollars already in the bank. On cross-examination, the witness stated, however, that he expected the bale of cotton to be sold and that he would be able to collect the amount of the check. Subsequent to the transaction, appellant returned and told Wood that Mr. Franks, upon whose farm appellant was working, had sold the bale of cotton and kept the money, and requested that Wood surrender the check and take appellant's note in lieu thereof. Wood testified that he did not know whether appellant made reference to the fifteen dollars in the bank at the time he returned or at the time he purchased the suit of clothes. The transaction took place in November. Appellant testified that at the time he purchased the clothes, he did not have any money in the bank and made no representation to Wood that he had any money therein; that he did tell Wood that he had a bale of cotton at the gin and that as soon as it was ginned and sold, he would deposit the money in the bank so that the check might be paid; that he had been picking cotton for Franks and received from him a bale of cotton with instructions to have it ginned and then sell it and retain the money which Franks owed him for picking the cotton; that appellant intended to sell the cotton on Tuesday, but that on Monday Franks sold it and failed to turn the money over to the appellant, and for that reason he did not have the money in the bank. Appellant said that he had no intention of defrauding Wood and had tried on several occasions to arrange the matter with him; that in January he had $15 in the bank, but that he then, for the first time, told Wood that he had that amount. There was evidence that appellant, after Franks had disappointed him by selling *Page 191 
the cotton, had endeavored to borrow money from other persons with which to pay Wood for the suit of clothes.
We understand that an essential element of the offense of swindling is the false pretense with reference to an existing fact. Hurst v. State, 38 Tex.Crim. Rep.. According to the averment in the information, the existing fact relied on in the present case is that at the time of the transaction appellant had fifteen dollars in the bank. The proof, however, does not seem to support the allegation. The testimony of the State's witness Wood shows him to be uncertain touching the representation with reference to the fifteen dollars. Appellant's theory and testimony are that at the time he obtained the suit of clothes, he did not have any money in the bank; that he did have a bale of cotton which he expected to sell, the proceeds of which to the extent of $29.50 he promised to deposit in the bank upon which the check was drawn. Both from his testimony and that of Wood it is clear that after appellant found that his employer had sold the bale of cotton upon which he was depending and had failed to deliver to the appellant the money received from it, he went on several occasions to Wood and endeavored to adjust the matter and obtain the check; that on one of these occasions he told Wood that he had fifteen dollars in the bank. Wood's testimony seems to concede that this statement may have been made to him at a time subsequent to the delivery of the suit of clothes. The representation touching the fifteen dollars made subsequently would not support the conviction. There was no effort to contradict the testimony of the appellant with reference to the possession of the bale of cotton; nor his intent with reference thereto and his disappointment due to circumstances not within his control. The unwillingness of Wood to state with certainty that the representation with reference to the fifteen dollars in the bank was made before appellant obtained the property in question brings the evidence into such a state of uncertainty that it is, in our opinion, insufficient to overcome the presumption of innocence and establish guilt beyond a reasonable doubt.
The judgment is reversed and the cause remanded.
Reversed and remanded.