FRANK SMITH V. STATE

No. 27,272. January 19, 1955

*Clem Calhoun,* Amarillo, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is swindling; the punishment, two years.

Jess Pool and his wife testified that they had heard that the appellant was treating people for diabetes and went to see him, that the appellant told them that he could cure Pool, that the treatment would require approximately twenty months and would cost $639 and if he couldn't cure Pool he would return the money, that Pool paid $250 in advance and went to the appellant for several months but was not cured and his money was not refunded.

The state called Dr. Wolflin, an M.D., who testified that there was no known medical cure for diabetes.

Appellant, testifying in his own behalf, stated that he was a masseur, that he administered sweat baths to some of his clients and gave herbs to others. He admitted the entire transaction as related by the Pools except the assertion that he could cure Pool. He stated that he told Pool he thought he might help him.

At most, appellant's representation, as testified to by the state's witnesses, amounted to an expression of appellant's opinion as to what he might be able to do in the future and cannot constitute the basis for a prosecution for swindling which

must be bottomed upon a misrepresentation of a past or existing fact. Lamkin v. State, 97 Texas Cr. Rep. 189, 260 S.W. 567.

That the appellant may be a charlatan cannot alter the rule of law. If we upheld this conviction, every professional man in the state would be subject to prosecution when he failed to satisfy the hopes of his patient or client.

The judgment is reversed and the cause remanded.